**CV 12 5935**

**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

HERBERT S. WEISSMAN
on behalf of himself and
all other similarly situated consumers

                Plaintiff,

-against-

UNITED RECOVERY SYSTEMS, L.P.

                Defendant.

-----------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 30 2012 ★

LONG ISLAND OFFICE

**BRODIE, J.**
**SCANLON, M.J.**

## CLASS ACTION COMPLAINT

### *Introduction*

1.  Plaintiff Herbert S. Weissman seeks redress for the illegal practices of United Recovery Systems, L.P. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.  Plaintiff is a citizen of the State of New York who resides within this District.

3.  Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.  Upon information and belief, Defendant's principal place of business is located in Houston, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Herbert S. Weissman*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about August 3, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter provides various settlement offers and then concludes by stating: "Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance."

12. Said letter is contradictory and outrageous, as the initial paragraphs of the letter lead the debtor to assume that once the agreed settlement has been paid in full, the account would be considered settled; while a succeeding paragraph in letter seems to suggest that if the debtor is to make a mistake and pay more than the settlement amount agreed upon, the excess monies would go towards the amount already forgiven in the settlement.

-2-

13. The Defendant's said statements constitute a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, §§1692e and 1692e(10).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

14. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirteen (13) as if set forth fully in this cause of action.

15. This cause of action is brought on behalf of Plaintiff and the members of a class.

16. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter on or about August 3, 2012; (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Chase Bank USA, NA; and (c) the collection letter was not returned by the postal service as undelivered (a) that the Defendant made deceptive and misleading representation in said letter, in violation of 15 U.S.C. §§ 1692e, and 1692e(10).

17. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

18. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

19. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

20. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

21. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

22. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    (a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
November 28, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)



**UNITED RECOVERY SYSTEMS, LP**
WWW.URSI.COM

5800 North Course Drive
Houston, Texas 77072

August 3, 2012

Address Service Requested

#BWNFTZF #URS9211835312088#

22832576
Herbert S. Weissman
PO BOX 46
CEDARHURST NY 11516-0046

Date: August 3, 2012
Creditor: Chase Bank U.S.A., N.A.
Account No.: ████████████████
URS No: 22832576
Amount Due: $7,426.96
Telephone: 888-732-7009, ext 9132

United Recovery Systems, LP
P.O. Box 722929
Houston, TX 77272-2929

Please detach at perforation and return with your payment.

## SETTLEMENT OFFER!!!

We have been attempting to contact you with regard to the above referenced account. Our client has agreed to accept $1,114.04 as a settlement in full for monies owing on your account. Payment must be received by this office within ten (10) days of the postmark.

If you are unable to take advantage of this settlement offer, our client has asked us to negotiate with you to resolve this debt. We would like to arrange repayment terms with you -- based on your individual circumstances.

Please call our toll-free telephone number to confirm your interest in this settlement offer or to explain your circumstances. We WILL work with you. You can call AZALIA GARZA at our toll free-number 24 hours a day at 888-732-7009, extensión 9132. We look forward to helping you resolve this account.

Chase Bank U.S.A., N.A. is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a form 1099C. If Chase Bank U.S.A., N.A. is required to notify the IRS, you will receive a copy of the form 1099C that is filed with the IRS.

Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance.

This communication is from a debt collector. We are required to inform you that this is an attempt to collect a debt, and any information obtained will be used for this purpose.

Sincerely,

AZALIA GARZA, ext 9132
United Recovery Systems, LP
P.O. Box 722929
Houston, TX 77272-2929

Date: August 3, 2012
Creditor: Chase Bank U.S.A., N.A.
Account No.: 5466264003953047
URS No: 22832576
Amount Due: $7,426.96
Telephone: 888-732-7009, ext 9132

5800 North Course Drive   Houston, Texas 77072

URS06615-0803-270239569 220